1
2
3
4
5
6
7
8
9
10                    **UNITED STATES DISTRICT COURT**

11                         **DISTRICT OF NEVADA**

12  MGM MIRAGE a Delaware corporation,          CASE NO. 2:10-cv-00074-KJD-RJJ

13                         Plaintiff,

14          v.                                  **ORDER GRANTING PLAINTIFF'S
                                                MOTION TO DEEM E-MAIL SERVICE
                                                EFFECTIVE PROCESS UNDER
15  DANIEL LEI, an individual; WANG            FED. R. CIV. P. 4**
    XIAOLING, an individual; XIAO FANG, an
16  individual; SHANG LEI, an individual; YE
    XIAO, an individual; and HUAI YI, an
17  individual,

18                         Defendants.

19

20          UPON CONSIDERATION of the motion filed by Plaintiff, MGM MIRAGE ("MGM") to

21  deem e-mail service effective process as to Defendants under Rule 4 of the Federal Rules of Civil

22  Procedure, the supporting memorandum of points and authorities, the supporting declarations and

23  evidence, the record in this case, and for other good cause shown,

24  THE COURT HEREBY FINDS THAT:

25          1.      Plaintiff has attempted to serve Defendants in accord with Rule 4(f) of the Federal

26  Rules of Civil Procedure, under the Convention of the Service Abroad of Judicial and

27  Extrajudicial Documents in Civil or Commercial Matters, done at the Hague ("the Hague

28

1    Convention"), and pursuant to Chinese law, but has been unable to locate Defendants based on the

2    incomplete contact information provided by Defendants when they registered their domain names;

3         2.    Plaintiff was able to provide Defendants with notice of the instant action via e-mail,

4    and provide electronic copies of the complaint and summons, as well as the motion for

5    preliminary injunction;

6         3.    A least of the Defendants contacted Plaintiff's counsel via email in February, 2010

7    regarding the instant lawsuit.  Therefore, at least one of the Defendants had actual knowledge of

8    the proceedings and had an opportunity to object.

9         4.    Service by e-mail is an alternative means of service reasonably calculated to

10   provide notice to Defendants, and is an internationally agreed means of service (Fed. R. Civ. P.

11   4(f)(1) or, at the very least, not prohibited by international agreement (Fed. R. Civ. P.

12   4(f)(2)(C)(3)).

13        5.    This Court has the authority to intervene and craft an alternative means of service

14   under Rule 4(f) of the Federal Rules of Civil Procedure to permit service of process to be had

15   upon elusive international defendants such as Defendants. Rio Props., Inc. v. Rio Int'l Interlink,

16   284 F.3d 1007 (9th Cir. 2002);

17        6.    That the e-mail service effectuated upon Defendants by Plaintiff was the only

18   method of service most likely to reach Defendants, and was reasonable under the circumstances;

19        7.    The balance of hardships tips in favor of Plaintiff because the only address at which

20   Defendants were able to be reached was their e-mail addresses, not their physical address; the

21   nature of this case suggests that any further delay in the service of process will unnecessarily and

22   unreasonably prejudice Plaintiff;

23        THEREFORE, IT IS HEREBY ORDERED:

24        That the service effectuated upon Defendants by Plaintiff on January 25, 2010, shall be

25   deemed to have been an effective means of alternative service reasonably calculated to provide the

26   Defendants with notice of the instant action.

27   / / /

28   / / /

IT IS FURTHER ORDERED:

That service via electronic mail shall be deemed effective service for the purposes of the instant action.

ENTERED this 5th day of Nov.   2010.

Kent J. Dawson
United States District Judge